Jeffrey N. Pomerantz (CA Bar No. 143717)
Linda F. Cantor (CA Bar No. 153762)
Robert M. Saunders (CA Bar No. 226172)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760

[Proposed] Attorneys for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>OCEAN PARK HOTELS-TOY, LLC,<br>a California limited liability company<br><br>                        Debtor. | Case No.: 1:10-bk-15358 GM<br><br>Chapter 11 |
| In re<br><br>OCEAN PARK HOTELS-TOP, LLC,<br>a California limited liability company<br><br>                        Debtor. | Case No.: 1:10-bk-15359 GM<br><br>Chapter 11<br><br>**DEBTORS' EMERGENCY MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CASES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(B); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declaration of James M. Flagg in Support of Emergency Motion filed concurrently herewith]<br><br>Date:  To be determined<br>Time:  To be determined<br>Place: United States Bankruptcy Court<br>          21041 Burbank Boulevard<br>          Woodland Hills, California 91367<br>          Judge: Honorable Geraldine Mund<br>                   Courtroom 303 |

62505-001\DOCS_LA:218397.4 5/6/10 2:01 PM

EMERGENCY MOTION FOR JOINT ADMINISTRATION

**TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE, THE TWENTY LARGEST UNSECURED CREDITORS OF THE DEBTORS, ALL ALLEGED SECURED CREDITORS; PARTIES REQUESTING SPECIAL NOTICE, AND THE OFFICE OF THE UNITED STATES TRUSTEE.**

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively the "Debtors"), are hereby filing this emergency motion (the "Motion") for an order of this Court directing the joint administration of the Debtors' chapter 11 cases (the "Cases") pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures and Local Bankruptcy Rule 2081-1(g).

By this Motion, the Debtors request joint administration of these Cases only with respect to purely administrative matters, including a joint pleadings docket (excluding, subject to further order of the Court, the listing of filed claims), a joint pleadings caption, and combined notices to creditors. The Debtors do not request substantive consolidation of the Debtors' estates at this time, but reserve the right to do so in the future. Accordingly, the Debtors seek an order authorizing the joint administration of these Cases, as set forth herein.

Without joint administration, the duplication of documents and effort would create unnecessary costs and tax the administrative facilities of the Debtors and their attorneys, diverting valuable resources away from addressing substantive issues, including the operations of the Debtors' businesses and the development of a restructuring plan. If this Motion is not granted, the Debtors' creditors will similarly feel the burden. As with the Debtors, creditors will also be required to file duplicate copies of pleadings (with only the caption changed) in each of the Cases for no reason other than to maintain separate dockets and files. Moreover, by maintaining separate Cases, some creditors may be confused as to when their rights are being affected, as they may be creditors of one estate or both. By jointly administering the Cases, creditors will receive notice of all matters involving both Debtors, thereby insuring that they are fully informed of all matters potentially affecting their claims.

The facts supporting joint administration of the Cases are as follows: (a) the two Debtors are affiliated; (b) the Debtors operate as part of an integrated enterprise and (c) joint administration will

ease the administrative burden on the Court, the Debtors and the parties and reduce the costs for all parties in administering these Cases.

**PLEASE TAKE FURTHER NOTICE** that this Motion is brought on an emergency basis pursuant to Local Bankruptcy Rule 2081-1¹ because joint administration of these two Cases from the beginning will immediately reduce the costs, burdens and confusion that would result from administering them separately. The Debtors anticipate filing numerous motions within the first few days after the beginning of these Cases. If this Motion is not granted on an emergency basis, the Debtors will incur the unnecessary expense and expend the unnecessary time of filing basically identical motions in both Cases and of serving those identical motions on creditors. The creditors will similarly feel the burden as they will receive unnecessary paper work and may be confused in the early days of the Cases by the duplicate copies of identical pleadings. If they desire to file responses, they will also have to prepare, file and serve two substantially identical pleadings. These unnecessary and unproductive burdens on the estates and their creditors can be alleviated by the granting to this Motion on an emergency basis.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on the *Declaration of James M. Flagg in Support of the Emergency Motions* filed concurrently herewith and the attached Memorandum of Points and Authorities. In addition, the Debtors request that the Court take judicial notice of all documents filed with the Court in these Cases.

**WHEREFORE**, the Debtors request that the Court enter an order:

1. Granting this Motion and directing the joint administration of the Cases;
2. Designating a single pleadings docket for the filing of all pleadings with respect to the Cases (other than Schedules and Statements of Financial Affairs and proofs of claim, at this time);
3. Directing all pleading captions (except for the Schedules and Statements of Financial Affairs and for proofs of claim) referring to any or all of the above listed Cases be captioned as set forth in **Exhibit A** to this Motion; and

---

[1] Pursuant to Local Bankruptcy Rule 2081-1(b)(1)(B), no separate motion for an expedited hearing is required.

62505-001\DOCS_LA:218397.4 5/6/10 2:01 PM

EMERGENCY MOTION FOR JOINT ADMINISTRATION

3

1    4.    Granting such other and further relief as the Court deems just and proper under the

2  circumstances to facilitate the efficient administration of these Cases.

3

4  Dated:    May 6, 2010                    PACHULSKI STANG ZIEHL & JONES LLP

5                                By    */s/ Jeffrey N. Pomerantz*
                                    Jeffrey N. Pomerantz
6                                    Linda F. Cantor
                                    Robert M. Saunders
7                                    [Proposed] Attorneys for Debtors and
                                    Debtors in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A. Jurisdiction and Venue

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the chapter 11 cases (the "Cases") of the Debtors is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Local Bankruptcy Rule 2081-1(g).

### B. Background

On May 6, 2010 (the "Petition Date"), the Debtors commenced these cases (the "Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee has been appointed in the Cases. On the Petition Date, the Debtors filed a motion for joint administration of the Cases under Bankruptcy Rule 1015(b).

The Debtors are Ocean Park Hotels-TOY, LLC ("TOY") and Ocean Park Hotels-TOP, LLC ("TOP"). TOY owns the 120-room focused-service Courtyard by Marriott hotel located at 1710 Newbury Road, Thousand Oaks, California (the "Courtyard Hotel"). TOP owns the 93-room extended-stay Marriott TownePlace Suites hotel located at 1712 Newbury Road, Thousand Oaks, California (the "Suites Hotel," and, collectively, with the Courtyard Hotel, the "Hotels").

The Courtyard Hotel opened in December 2006 and the Suites Hotel opened in April 2007. Since opening, the Hotels have been operated continuously and have received laudable ratings from Marriott International, Inc. ("Marriott"). In September 2009, Marriott conducted a performance and operational review of the Courtyard Hotel; it received a total score of 98 out of a possible 100. The most recent performance and operational review of the Suites Hotel was conducted on February 4,

2010, resulting in a score of 97 out of 100 – the highest score of any Towne Suite Marriott facility in the United States.

The Hotels have continued to maintain viable occupancy rates during the current economic climate. The Courtyard Hotel had an average occupancy rate of 73.84% for March 2010 and an average occupancy rate of 67.17% for the first quarter of 2010. The Suites Hotel had an average occupancy rate of 70.00% for March 2010 and an average occupancy rate of 72.86% for the first quarter of 2010. The Debtors project that the average annual revenues for years 2009 and 2010 will be approximately $4.2 million for the Courtyard Hotel and approximately $2.65 million for the Suites Hotel. The current and projected operating revenues are sufficient to allow the Debtors to pay on-going operational expenses.

The Hotels are managed by Ocean Park Hotels, Inc. ("Ocean Park"), which is a developer, owner, and operator of focused-service and extended-stay hotels with corporate office in San Luis Obispo, California. Ocean Park's managed hotel properties operate under the flags of Marriott, Hilton, Holiday Inn Express, and Best Western franchises, with hotels currently operating in California in Thousand Oaks, Camarillo, Valencia, San Luis Obispo, Goleta (Santa Barbara) and Poway (San Diego). James Flagg serves as the Ocean Park's president and, during his twenty-year real estate career, he has been involved in over $1 billion of real estate transactions.

TOY and TOP are each California limited liability companies. CEF Equities, LLC owns a 75% membership interest in each Debtor (CEF Equities, LLC is 100% owned by the Claire E. Flagg Trust). James Flagg owns a 25% membership interest. James Flagg is the Manager of each Debtor under their respective limited liability company operating agreements.

Construction of the Hotels began in or about November 2004 funded by a construction loan (the "Loan") from Nationwide Life Insurance Company ("Nationwide" or "Lender"). Under a construction loan agreement dated as of November 18, 2004 (as amended, the "Loan Agreement"), Nationwide agreed to loan TOY and TOP initially $23,750,000 (increased to $25,319,000 in 2006) for construction of the Hotels, to be secured by construction deeds of trust, UCC filings, and assignments of lease and rents. The Loan is guaranteed by Ocean Park, James Flagg and the Claire

E. Flagg Trust. The Loan is serviced for Nationwide by RBC Investment Services LLC ("RBC), whose sole member is RockBridge Capital, LLC.

The Loan matured by its terms on December 1, 2009 (the "Maturity Date"). On December 2, 2009, RBC sent TOY and TOP a notice of default. On March 1, 2010, and again on March 9, 2010, Nationwide sent TOY and TOP demand letters for repayment of the Loan.

On April 6, 2010, Nationwide filed its Complaint for Foreclosure of Trust Deed and Specific Performance in the Superior Court of the State of California in Ventura County. The foreclosure action was assigned case number 56-2010-00370987-CU-OR-VTA (the "Foreclosure Action").

On April 8, 2010, Nationwide filed its Ex Parte Application for Order Appointing Receiver, Temporary Restraining Order and Order to Show Cause Re Appointment of Receiver and Preliminary Injunction; and Points and Authorities in Support Thereof (along with supporting declarations) (the "Ex Parte Application"). On April 9, 2010, TOY and TOP filed their Opposition to the Ex Parte Application on the grounds, inter alia, that the appointment of a receiver (i) is unnecessary and unwarranted under the circumstances, (ii) would impede the Hotels' operations and hurt employee morale, and (iii) impair the value of the Hotels to the detriment of all parties in interest. The Ex Parte Application was heard and all relief sought (temporary restraining order, appointment of receiver and preliminary injunction) was denied by the superior court on an ex parte basis on April 9, 2010.

A hearing on whether the relief sought in the Application should be granted after notice and full briefing is scheduled for May 6, 2010. TOP and TOY filed their opposition to the Ex Parte Application on April 23, 2010, and Nationwide filed a reply to the opposition on April 30, 2010. No injunctive relief is currently in place.

The Debtors believe that the value of the Hotels substantially exceeds the amount owed to Nationwide on the Loan. Specifically, the Debtors believe that the value of the Hotels is in excess of $30 million. In order to maintain the value of the Hotels for the benefit of all constituents, the Debtors filed their petitions for relief under the Bankruptcy Code. The Debtors are exploring alternatives to maximize the value of the estates, including possibly refinancing the Loan, a sale of

one or both of the Hotels or a restructuring of the Loan and their other obligations under a chapter 11 plan of reorganization.

**C.  Facts Supporting Joint Administration**

The facts supporting joint administration of the Cases are as follows:

(1) The Debtors are both affiliates of one another as provided by 11 U.S.C. § 101(2)(B);

(2) The Debtors operate as part of an integrated enterprise;

(3) The Debtors share common management; and

(4) Joint administration, by preventing the duplicate filing and service of numerous pleadings, will ease the administrative burden on the Court, the Debtors, and the creditors, and will reduce the costs for all parties in administering these Cases.

## II.

## ARGUMENT

**A.  Joint Administration of the Debtors' Cases Will Yield Substantial Administrative Benefits**

Although the Bankruptcy Code specifically provides for joint administration of limited types of cases (see section 302(a) of the Bankruptcy Code permitting the filing of joint petitions by spouses), there is no provision in the Bankruptcy Code governing joint administration of cases such as these. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), however, makes clear that joint administration may be appropriate when two or more related debtor entities, whether spouses, partnerships, or corporations, have filed for protection under the Bankruptcy Code.  Bankruptcy Rule 1015 provides, *inter alia*:

> (b) Cases Involving Two or More Related Debtors.  If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates . . . .
>
> (c) Expediting and Protective Orders.  When an order for . . . joint administration of a joint case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay.

Fed. R. Bankr. P. 1015.

Bankruptcy Rule 1015 promotes the fair and efficient administration of related cases of affiliated debtors, while ensuring that no rights of individual creditors are unduly prejudiced. *See* 2-301 COLLIER ON BANKRUPTCY, at 301-06 (15th ed. rev. 2003); *see also In re Brookhollow Assocs.*, 435 F. Supp. 763, 766 (D. Mass. 1977) (joint administration "help[s] the bankruptcy court to administer economically and efficiently different estates with substantial interests in common"), *aff'd*, 575 F.2d 1003 (1st Cir. 1986); *In re H&S Transportation Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1985). As stated in the official Advisory Committee Note:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

Joint administration differs significantly from substantive consolidation, in which the assets and liabilities are pooled and, generally, the creditors of the separate entities share *pro rata* in the aggregate net value of the estates. *See In re Standard Brands Paint Co.*, 154 B.R. 563 (Bankr. C.D. Cal. 1993); *In re I.R.C.C., Inc.*, 105 B.R. 237, 241 (Bankr. S.D.N.Y. 1989). Joint administration, by contrast, is merely procedural; each of the debtors' estates remains a separate legal entity, and creditors' individual rights to each estate are preserved. *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Arnold*, 33 B.R. 765, 767 (Bankr. E.D.N.Y. 1983). Thus, in every case, joint administration does not in itself prejudice the rights of any creditor.

Joint administration will reduce the costs in administering the Cases, serve to eliminate the substantial confusion and waste created by maintaining separate dockets and reduce the burden that the Cases will place on the Court system. Absent joint administration, the only material differences between the majority of the pleadings to be filed in each Case will be in the captions because many of the substantive matters affecting one estate will affect both estates. By requiring separate pleadings to be filed in each Case, an enormous amount of copying will need to be done at substantial costs to the estates without any additional benefit to creditors. Moreover, such duplication would divert valuable resources away from addressing substantive issues, including maximizing the value of the estates for all affected parties. The filing of separate pleadings in each

of the Cases also would undoubtedly create an unnecessary burden for the Clerk's office, which must keep track of the filings in each Case. Joint administration will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files. Similarly, joint administration will simplify the administrative burden on the office of the United States Trustee in its supervision of these Cases.

If this Motion is not granted, the Debtor's creditors will similarly feel the burden. As with the Debtor, creditors will also be required to file duplicate copies of pleadings (with only the caption changed) in each of the Debtors' cases for no reason other than to maintain separate dockets and files. Moreover, by maintaining administratively separate cases, some creditors may be confused as to when their rights are being affected, as they may be creditors of one or both of the estates. By jointly administering the estates, creditors will receive notice of all matters involving all Debtors, thereby insuring that they are fully informed of all matters potentially affecting their claims.

Accordingly, for the reasons set forth herein above, the Debtors propose that the joint administration of the Debtors be implemented as follows:

(a) <u>Pleadings</u>. The use of a single docket for both Cases and for filing, lodging and docketing the pleadings, orders and all other papers (including notices of hearing in any of the Cases) under the caption and case number of, and in the form attached hereto as **Exhibit A**. Each pleading shall indicate which of the Debtors is party to or affected by the subject filing.

(b) <u>Proofs of Claim</u>. Because the Debtors are separate entities, and there has been no substantive consolidation of the estates, proofs of claim should be captioned for the particular estate against which the claim is asserted. Further, the Clerk should maintain separate claims registers for each estate.

(c) <u>United States Trustee's Reporting Requirements</u>. All reports and statements filed with the Office of the United States Trustee shall be filed separately for each Debtor and maintained for each Debtor.

(d) <u>Schedules of Assets and Liabilities and Statement of Financial Affairs</u>. Each Debtor shall file separate Schedules of Assets and Liabilities and Statement of Financial Affairs.

(e) <u>Notice to Creditors of Entry of Order</u>. After entry of the Order approving the joint administration, the Debtors shall transmit to all known creditors of each estate a notice setting forth the pertinent information with respect to the joint administration (which notice may be combined with other notices to creditors).

### B. **No Creditors Will Be Prejudiced by Joint Administration**

There would be no prejudice to creditors if the Debtors' estates are jointly administered in that joint administration does not equate to substantive consolidation. Indeed, as discussed above, joint administration would benefit all creditors by substantially reducing costs and administrative burdens in general.

### C. **Were an Actual Conflict to Arise in the Course of the Debtors' Cases, the Court May Alleviate Any Prejudice to Creditors Pursuant to Its Discretion under Bankruptcy Rule 1015**

If an actual conflict arises among the estates in the future, the Court could easily alleviate any prejudice such conflict may cause to creditors through the Court's broad powers to oversee the joint administration of the Cases. As discussed above, joint administration does not in itself affect any substantive rights; joint administration is a procedural device designed to reduce costs and administrative burdens generally. Were a conflict to arise during the Cases, the Court may limit joint administration to the extent necessary to alleviate any negative effects of the conflict. Under Bankruptcy Rule 1015(c), "while protecting the rights of parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay." *Fed. R. Bankr. P. 1015(c)*. Exercising its discretion under this Rule, the Court should be able to promote the interests of the estates through administrative efficiency, while at the same time protecting the rights of individual creditors if and when the need arises. Until a conflict arises, however, there is no reason why the Court should not authorize joint administration.

### D. **Nature of the Emergency**

This Motion is brought on an emergency basis pursuant to Local Bankruptcy Rule 2081-1,[2] based on the Debtors' immediate, critical need to serve upon numerous interested parties a great number of motions or pleadings regarding the Cases. Considering the number of creditors of the

---

[2] Pursuant to Local Bankruptcy Rule 2081-1(b)(1)(B), no separate motion for an expedited hearing is required.

1  Debtors' estates, in addition to other interested parties, the expense of serving duplicates of even the

2  initial motions necessary in these Cases represents a substantial burden upon the estate without

3  conferring any substantial benefit upon the estate.  Accordingly, the Debtors seek to have this

4  Motion heard on an emergency basis in order to preserve the estate's assets and protect the estate

5  from suffering the "immediate and irreparable harm" that will occur if the Debtors must face the

6  administrative and expensive burden of duplicating and serving all pleadings for each separate

7  estate.

### III.

### CONCLUSION

The primary goal of a chapter 11 reorganization is to maximize the value of a debtor's estate for the benefit of creditor and and other constituencies.  Related to that goal and of significant importance as well, is the efficient administration of bankruptcy cases.  The joint administration of Cases will further both of these goals.  Based upon the foregoing, the Debtors respectfully submit that this Court should enter an order substantially in the form of **Exhibit B** attached hereto authorizing the joint administration of these related Cases, with such joint administration to be implemented as provided for in this Motion and granting such other and further relief as the Court deems appropriate.

Dated:    May 6, 2010                                    PACHULSKI STANG ZIEHL & JONES LLP

                                                         By    */s/ Jeffrey N. Pomerantz*
                                                               Jeffrey N. Pomerantz
                                                               Linda F. Cantor
                                                               Robert M. Saunders
                                                               [Proposed] for Debtors and Debtors in
                                                               Possession

62505-001\DOCS_LA:218397.4 5/6/10 2:01 PM                EMERGENCY MOTION FOR JOINT ADMINISTRATION

12

# EXHIBIT A

```
 1  Jeffrey N. Pomerantz (CA Bar No. 143717)
    Linda F. Cantor (CA Bar No. 153762
 2  Robert M. Saunders (CA Bar No. 226172)
    PACHULSKI STANG ZIEHL & JONES LLP
 3  10100 Santa Monica Blvd., 11th Floor
    Los Angeles, California  90067-4100
 4  Telephone: 310/277-6910
    Facsimile:  310/201-0760
 5
    [Proposed] Attorneys for Debtors and Debtors in
 6  Possession
```

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| In re: | Case No.: 1:10-bk-15358 GM<br>Chapter 11 |
|---|---|
| OCEAN PARK HOTELS-TOY, LLC,<br>a California limited liability company | [Jointly Administered with Case Nos.:<br>1:10-bk-15359 GM] |
| Debtor. | **DOCUMENT TITLE** |
| In re | Date:   TBD<br>Time:   TBD<br>Place:  Courtroom 303 |
| OCEAN PARK HOTELS-TOP, LLC,<br>a California limited liability company | United States Bankruptcy Court<br>21041 Burbank Boulevard<br>Woodland Hills, California 91367 |
| Debtor. | Judge:  Honorable Geraldine Mund |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# **EXHIBIT B**

Jeffrey N. Pomerantz (CA Bar No. 143717)
Linda F. Cantor (CA Bar No. 153762
Robert M. Saunders (CA Bar No. 226172)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760

[Proposed] Attorneys for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>OCEAN PARK HOTELS-TOY, LLC,<br>a California limited liability company<br><br>                    Debtor.<br><br>In re<br><br>OCEAN PARK HOTELS-TOP, LLC,<br>a California limited liability company<br><br>                    Debtor. | Case No. 1:10-bk-15358 GM<br><br>Chapter 11<br><br>**ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CASES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b) AND LOCAL BANKRUPTCY RULE 1015-1(B)**<br><br>Date:      To be determined<br>Time:      To be determined<br>Place:     Courtroom 303<br>           United States Bankruptcy Court<br>           21041 Burbank Boulevard<br>           Woodland Hills, California 91367<br>Judge:     Honorable Geraldine Mund |

    The Court has considered the *Motion of the Debtors for Order Directing Joint Administration of Related Cases Pursuant to Federal Rule of Bankruptcy Procedure 1015(b) and Local Bankruptcy Rule 1015-1(b)* (the "Motion"), submitted by the above-captioned debtors and debtors in possession herein (the "Debtors"). Based on the arguments made in the Motion, and the pleadings and documents on file in these chapter 11 cases (the "Cases"), the Court finds that no notice of the Motion was required under the circumstances and that good cause exists to grant the relief requested in the Motion.

**IT IS THEREFORE ORDERED** that:

1. The Application is GRANTED.

2. The Cases shall be jointly administered.

3. The captions of the Cases shall be modified to reflect the joint administration of these Cases, in the form set forth on **Exhibit A** hereto. All pleadings will indicate which of the Debtors is a party to, or is affected by, the particular pleading.

4. The Clerk of the Court shall maintain a pleadings docket under the case number assigned to Ocean Park Hotels-TOY, LLC, which shall be designated as the single pleadings docket for all pleadings with respect to all of the Cases; provided however, proofs of claim should be captioned for the particular estate and Case against which the claim is asserted and each Debtor shall file separate Schedules of Assets and Liabilities.

5. The claims registers in the Debtors' respective Cases shall be maintained separately for each Debtor entity by the Clerk of the Court.

6. After entry of this Order, the Debtors shall transmit to all known creditors of each estate a notice setting forth the pertinent information with respect to the joint administration.

7. The Debtor and other parties in interest shall be authorized, but not required, to combine notices to the Debtors' creditors.

########

Jeffrey N. Pomerantz (CA Bar No. 143717)
Linda F. Cantor (CA Bar No. 153762
Robert M. Saunders (CA Bar No. 226172)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California  90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760

[Proposed] Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>OCEAN PARK HOTELS-TOY, LLC,<br>a California limited liability company<br><br>                    Debtor.<br>In re<br><br>OCEAN PARK HOTELS-TOP, LLC,<br>a California limited liability company<br><br>                    Debtor. | Case No.: 1:10-bk-15358 GM<br>Chapter 11<br><br>[Jointly Administered with Case Nos.:<br>1:10-bk-15359 GM]<br><br>**DOCUMENT TITLE**<br><br>Date:    TBD<br>Time:    TBD<br>Place:   Courtroom 303<br>            United States Bankruptcy Court<br>            21041 Burbank Boulevard<br>            Woodland Hills, California 91367<br>Judge:   Honorable Geraldine Mund |
|---|---|